# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARINA VOLZ, | Civil Action No. |
| Plaintiff, | 3:20-cv-13695-FLW-DEA |
| vs. | |
| SOMERSET COUNTY JAIL, WARDEN PAUL KAMINSKI in his role as WARDEN OF SOMERSET COUNTY JAIL, LT. K. COVERT IN HIS ROLE AS CLASSIFICATION SUPERVISOR AT SOMERSET COUNTY JAIL, SOMERSET COUNTY SHERIFF'S OFFICE, SHERIFF DARRIN RUSSO in his role as acting COUNTY SHERIFF IN SOMERSET COUNTY, | **Electronically Filed**<br><br>Motion Day December 21, 2020 |
| Defendants. | |

BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND AND IN SUPPORT OF CROSS-MOTION FOR A MORE DEFINITE STATEMENT

CLEARY GIACOBBE ALFIERI JACOBS, LLC
169 Ramapo Valley Road, Upper Level
Oakland, New Jersey 07436
*Attorneys for Defendants, SOMERSET COUNTY JAIL, WARDEN PAUL KAMINSKI, LT. K. COVERT, SOMERSET COUNTY SHERIFF'S OFFICE, SHERIFF DARRIN RUSSO*

Of Counsel:
    Anthony P. Seijas, Esq.

On the Brief:
    Anthony P. Seijas, Esq.
    Charissa N. Wijaya, Esq.

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT............................................. 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY....................... 2

LEGAL ARGUMENT................................................... 4

   I. THIS COURT HAS SUBJECT MATTER JURISDICTION BECAUSE THIS
ACTION ARISES UNDER THE LAWS OF THE UNITED STATES, THUS,
FEDERAL QUESTION JURISDICTION EXISTS UNDER 28 U.S.C. §1331... 4

   II. THIS COURT HAS SUPPLEMENTAL JURISDICTION AND SHOULD
EXERCISE SAME OVER PLAINTIFF'S STATE LAW CLAIMS AS THEY FORM
THE SAME PART OF THE SAME CASE UNDER 28 U.S.C. §1367........ 10

   III. DEFENDANTS' REMOVAL WAS TIMELY AND APPROPRIATE UNDER 28
U.S.C. §1441................................................. 13

   IV. BECAUSE DEFENDANTS SHOULD NOT HAVE TO GUESS AT WHAT THEY
ARE DEFENDING, THIS COURT SHOULD REQUIRE PLAINTIFF TO EITHER
FILE AN AMENDED COMPLAINT WITH A MORE DEFINITIVE STATEMENT OR,
BE FOREVER BARRED IN ASSERTING ANY FEDERAL CLAIMS RELATED TO
THIS CASE SHOULD A REMAND OCCUR............................. 15

CONCLUSION..................................................... 17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

<u>A.S. ex rel. Miller v. A.S. SmithKline Beecham Corp.</u>,
  769 F.3d 204 (3d Cir. 2014) ................................ 13

<u>Alston v. Parker</u>, 363 F.3d 229 (3d Cir. 2004)............... 15

<u>Barows v. Chase Manhattan Mortg. Corp.</u>,
  465 F. Supp. 2d 347 (D.N.J. 2006) ..................... 10, 11

<u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1 (2003).......... 4

<u>Borough of W. Mifflin v. Lancaster</u>,
  45 F.3d 780 (3d Cir. 1995) ........................... 11, 12

<u>Dluhos v. Strasberg</u>, 321 F.3d 365 (3d Cir.2003).............. 15

<u>Fantone v. Latini</u>, 780 F.3d 184 (3d Cir. 2015).............. 15

<u>Louisville & Nashville R. Co. v. Mottley</u>,
  211 U.S. 149 (1908) ........................................ 4

<u>Mercedes-Benz USA, LLC v. Nippon Yusen Kabushiki Kaisha</u>,
  2018 WL 6522487 (D.N.J. Dec. 12, 2018) .................. 4, 13

<u>United Mine Workers v. Gibbs</u>, 383 U.S. 715 (1966)............ 12

**Statutes**

28 <u>C.F.R.</u> §115.5 *et seq.*...................................... 10

28 <u>C.F.R.</u> §115.41.............................................. 7

28 <u>C.F.R.</u> §115.78.............................................. 7

34 <u>U.S.C.</u> §1331............................... 2, 3, 4, 10, 17

28 <u>U.S.C.</u> §1367............................... 2, 10, 11, 12, 17

28 <u>U.S.C.</u> §1441........................... 2, 3, 11, 13, 14, 17

34 <u>U.S.C.</u> §§30301-30303....................................... 6

34 <u>U.S.C.</u> §30301 *et seq.*............................... 3, 4, 6, 10

34 <u>U.S.C.</u> §30302............................................. 10

34 <u>U.S.C.</u> §30309............................................. 10

ii

42 U.S.C. §15601................................................. 6

N.J.S.A. 30:1b-1 *et seq.*....................................... 9

N.J.S.A. 30:1b-46............................................... 8

N.J.S.A. 30:4-82.5.............................................. 8

N.J.S.A. 30:4-82.7.............................................. 8

N.J.S.A. 30:7E-7................................................ 8

**Rules**

Fed.R.Civ.P. 12................................................ 16

Fed.R.Civ.P. 8................................................. 15

**Constitutional Provisions**

N.J. Const. art. I, ¶1......................................... 9

N.J. Const. art. I, ¶12........................................ 9

U.S. Const. Amend. VIII........................................ 9

## PRELIMINARY STATEMENT

A pro se inmate Plaintiff at the Somerset County Jail filed the instant lawsuit against the jail in state court alleging, *inter alia*, violations of federal law. As per federal law, the Defendant jail timely removed the matter to Federal Court. Now the inmate seeks to have the matter remanded back to State Court because, in addition to his allegation that the jail violated federal law, the inmate's claims "arise" out of violations of state law. Unfortunately, this is no reason for remand. As long as the inmate's federal law claims remain part of this suit, Defendants have the right to have it heard in Federal Court.

The material facts supporting Plaintiff's claims under state and federal law are so interrelated that they form part of the same case. Native to pro se complaints, some of the causes of action are not clearly plead. As such, Defendants have been tasked with exercising legal deductions in order to discern what it is defending against. In that effort, Defendants removed this lawsuit to this Court because Plaintiff's allegations boil down to violations of federal prison regulations, "cruel and unusual punishment" under the Eight Amendment, and a state law discrimination claim.

For the reasons set forth herein, this Court should retain jurisdiction over Plaintiff's federal and state claims because Defendants' removal was timely and appropriate under 28 U.S.C.

§1441. This Court has subject matter jurisdiction because this action arises under the laws of the United States as federal question jurisdiction exists under 28 U.S.C. §1331. This Court has supplemental jurisdiction and should exercise same over Plaintiff's state law claims as they form the same part of the same case under 28 U.S.C. §1367.

<u>**STATEMENT OF FACTS AND PROCEDURAL HISTORY**</u>

Plaintiff is currently incarcerated at the Defendant Somerset County Jail ("Defendant" or "Jail") on charges related to aggravated sexual assault, endangering the welfare of a child for the manufacturing of child pornography, exposing the child to sexually-explicit matter, and possession of sexually-explicit photos and videos involving a seven-year-old victim.

Plaintiff, formerly known as Matthew L. Volz, was born a man with male reproductive organs. Upon being processed during his initial intake at the Defendant Jail on May 29, 2019, the inmate claimed to be in the process of transitioning from a male to a female. At the time of intake until the present time, Plaintiff still has the male genitalia. Therefore, he was classified as a male. Thereafter, Plaintiff was placed in a male "protective custody" for his own safety and based on his claimed transgender status.

Plaintiff was then re-classified and placed in female housing on February 4, 2020 as per his request. Nevertheless,

Defendants were served with the inmate's Complaint on September 14, 2020, which was filed in Somerset County Superior Court. The Complaint alleged unlawful discrimination and classification under the New Jersey Law Against Discrimination ("NJ LAD"), violation of the New Jersey Constitution, violations under the Prison Rape Elimination Act ("PREA"), a federal statute codified at 34 U.S.C. §30301 *et seq.*, and "cruel and unusual punishment" presumably under the Eighth Amendment of the United States Constitution.

On September 30, 2020, Defendants filed a Notice of Removal because this Court has original jurisdiction pursuant to 28 U.S.C. §1331. Further, Defendants removed this action pursuant to 28 U.S.C. §1441(a) in that Plaintiff's Complaint asserts claims arising under the Constitution, laws or treaties of the United States. Specifically, Plaintiff alleges violations under PREA and being subject to "cruel and unusual punishment" prohibited by the Eighth Amendment.

On October 26, 2020, Plaintiff filed an "Affidavit of Severance of Claims and Remand of Claims to State Court." On November 2, 2020, the Court classified this filing as a Motion to Remand. On November 20, 2020, Plaintiff filed, out of order, a brief in support of his Remand while Defendants' Opposition to his Remand was due on November 23, 2020. On November 23, the Court determined that Defendants' Opposition to Plaintiff's

Motion to Remand is due no later than November 30, 2020. Plaintiff's Reply is due on December 14, 2020.

**LEGAL ARGUMENT**

**I.   THIS COURT HAS SUBJECT MATTER JURISDICTION BECAUSE THIS ACTION ARISES UNDER THE LAWS OF THE UNITED STATES, THUS, FEDERAL QUESTION JURISDICTION EXISTS UNDER 28 U.S.C. §1331.**

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. *Mercedes-Benz USA, LLC v. Nippon Yusen Kabushiki Kaisha*, 2018 WL 6522487, at 2 (D.N.J. Dec. 12, 2018) *citing* 28 U.S.C. §1331. Federal question jurisdiction under §1331 generally exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Mercedes-Benz USA, LLC*, 2018 WL 6522487 at 2 *citing* Caterpillar Inc. v. Williams, 482 U.S. 386, at 392, (1987). The well-pleaded complaint rule provides that "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Mercedes-Benz USA, LLC*, 2018 WL 6522487 at 2 *citing* Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, at 6, (2003) *quoting* Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, at 152, (1908).

Here, Plaintiff's Complaint specifically alleged violations under PREA, 34 U.S.C. §30301 *et seq*. See Pl.'s Comp'l. ¶¶ 39; 41-42. It is noteworthy to point out that Plaintiff's "Motion for

Remand" provides additional references to alleged PREA violations contained in his Complaint.  See Pl.'s Motion to Remand ¶7; see also Pl's Compl. Plaintiff then alleges state causes of action under the NJ LAD and the New Jersey Constitution. See Pl.'s Comp'l. ¶¶ 10 and 45. The rest of Plaintiff's claims against Defendants lacked specific reference or citation to any controlling statute(s) and/or code(s), albeit state or federal. See, e.g., Pl.'s Comp'l. ¶¶ 22; 33; 49-50; 52. Plaintiff's factual allegations, can be summarized as: 1) failure to classify him as female; 2) sexual assault; and, 3) Defendant's failure to guard against this. Plaintiff then claims that these specific violations violate provisions under PREA[1]. See Pl.'s Comp'l. ¶¶ 25; 39; 41-42.

---

[1] See, Douglas Routh, Gassan Abes, David A. Makin, Mary K. Stohr, Craig Hemmens & Jihye Yoo, *Transgender Inmates in Prisons: A Review of Applicable Statutes and Policies, International Journal of Offender Therapy and Comparative Criminology*, 1-22 (2015). "Despite its namesake, PREA regulates detention rules for all state and federal public correctional institutions, including jails, prisons, detention, and community confinement facilities. These standards regulate a broad range of local, state, and federal corrections department procedures aligning them toward best practices for producing a safer environment for residents and correctional staff. Categories of these standards include preventive processes, investigative procedures, data collection and auditing, and compliance. States risk forfeiting 5% of federal funding, allocated for prison purposes, if their correctional facilities, including jails, prisons, and detention facilities, fail to comply with PREA regulations. However, states demonstrating good faith toward compliance are able to retain federal funding. Noncompliance forfeiture does not apply to private correctional facilities. At the time of this writing in 2015, all but 4 states (Alaska, Arkansas, Idaho and Utah) are either fully compliant (10 states) or are actively seeking compliance (Boone, 2015). As regards transgender inmates and detainees, key provisions regulate a variety of situations, including (a) cross-gender viewing and searches (§ 115.158), (b) employee training on effective communication strategies (§ 115.31), (c) screening for victimization risks and abusiveness (§ 115.41), (d) use

PREA was enacted in 2003 with bipartisan support by the Federal Government to establish a zero-tolerance standard for rape in prisons in the United States. See 34 U.S.C. §30301; See also Presidential Memorandum dated May 17, 2012 Implementing PREA. Formerly codified under 42 U.S.C. §15601, effective September 1, 2017, PREA was codified under its present title and chapter. See 34 U.S.C. §30301 *et seq.*

In enacting PREA, Congress made findings that sexual assault to prisoners and the jails' failure to address these assaults, among other things, "involves actual and potential violations of the United States Constitution; the high incidence of prison rape undermines the effectiveness and efficiency of the United State Government; increases the costs incurred by Federal, State, and local jurisdictions; significantly affects interstate commerce; and increases expenditures throughout the Nation related to the spread of HIV, AIDS, and other diseases and stress disorders." See 34 U.S.C. §§ 30301-30303. Indisputably, all of the foregoing findings impact all levels and jurisdictions within the whole United States of America as opposed to just individual states.

In New Jersey, at the time of Plaintiff's classification,

---

of the screening information (§ 115.42), and (e) protective custody (§ 115.43)."

PREA, and its accompanying CFR's[2], governed the classification of transgender inmates in County Jails[3]; <u>not</u> the state. When it comes to gender classification of an inmate, the Code of Federal Regulations provide training education, and screening procedure concerning transgender inmates' classification during an intake screening. <u>See</u> 28 <u>C.F.R.</u> §115.41. Further, Federal Regulations provides disciplinary sanctions and processes concerning inmates who engage in inmate-on-inmate sexual abuse and sexual contact with staff. <u>See</u> 28 <u>C.F.R.</u> §115.78. Federal Regulations also authorizes jails to prohibit all sexual activity between inmates and allows for disciplinary actions on inmates who violates same. <u>Id.</u>

On the other hand, contrary to the inmate's declaration that states have been left with the task of transgender inmate classification, no provisions under the New Jersey Regulations or Statutes existed at the time of Plaintiff's classification.

---

[2] Title 28 of the Code of Federal Regulations, Chapter 1, Part 115 governs the Judicial Administration of the Department of Justice vis-à-vis PREA National Standards.

[3] The term "jail" means a confinement facility of a Federal, State, or local law enforcement agency whose primary use is to hold persons pending adjudication of criminal charges, which is why the inmate is currently incarcerated at the Defendant Jail. <u>See</u> 28 <u>C.F.R.</u> §115.5; <u>see</u> <u>e.g.</u>, 28 <u>C.F.R.</u> §115.41, 28 <u>C.F.R.</u> §115.31; <u>see also</u> 28 <u>C.F.R.</u> §115 generally. "Gender nonconforming" means a person whose appearance or manner does not conform to traditional societal gender expectations. <u>See 28 C.F.R. §115.5</u>. "Intersex" means a person whose sexual or reproductive anatomy or chromosomal pattern does not seem to fit typical definitions of male or female, which may apply to the inmate's current condition(s). <u>Ibid</u>.

Other New Jersey statutes regarding transgender inmates' classification are also inapplicable here as they concern the use of isolated confinement (N.J.S.A. 30:4-82.5 and 82.7); limitation on cross gender searches (N.J.S.A. 30:1B-46); and contracts between a health care provider and local entity not to discriminate based on gender identity (N.J.S.A. 30:7E-7).

Arguendo, even if Plaintiff were to allege violations under N.J.S.A. 30:1B-46 concerning cross gender searches, it is still irrelevant here because the inmate was never subjected to nor has he claimed that he was subjected to a strip or body cavity search during his incarceration at Defendant Jail. In fact, even if somehow this statute were to be relevant in this case, which it is not, N.J.S.A. 30:1B-46 only went into effect on May 1, 2020. Plaintiff was admitted at Defendant Jail on May 29, 2019. He was then "classified into...female population on 2/4/2020." See Pl.'s Comp'l. ¶14. Plaintiff's allegation regarding not being searched by female officers occurred during his classification as a male, which was from May 29, 2020 through February 4, 2020. See Pl.'s Comp'l. ¶¶ 13-14; 16-17; 22; 25. As such, not only is N.J.S.A. 30:1B-46 irrelevant or inapplicable in this case, but, even if it were, the statute was not in effect during the time that Plaintiff was allegedly "misclassified" and searched by male officers. More importantly, although N.J.S.A. 30:1b-46, which governs the Department of

Corrections, provides a policy on cross gender searches, it contains no provision concerning gender classification of inmates or intake procedure as Plaintiff would like this Court to believe. See N.J.S.A. 30:1b-1 *et seq.*

Additionally, Plaintiff's Complaint also alleged violations under the Eighth Amendment concerning inflictions of "cruel and unusual" punishment vis-à-vis the inmate's "incarceration conditions." See Pl.'s Comp'l. ¶46. While the New Jersey Constitution has a similar provision against the infliction of cruel and unusual punishment, see N.J. Const. art. I, ¶12, the inmate omitted that language and specifically and affirmatively alleged violations under New Jersey Constitution article I, ¶1, which concerns natural and unalienable rights. See Pl.'s Comp'l. ¶45. Given the Plaintiff's reliance on PREA and his omission of reference to the New Jersey Constitution, it is logical to interpret the the claim of "cruel and unusual" punishment conditions as invoking the Eighth Amendment of the United States Constitution, and not its New Jersey counterpart, see N.J. Const. art. I, ¶12; see also U.S. Const. Amend. VIII.

Based on the foregoing, it is apparent that the Federal Government intended to govern the eradication prison sexual assault and the regulation of transgender prison issues. All of Plaintiff's claims involving sexual harassment, abuse, or victimization that he allegedly experienced at the Defendant Jail

are all defined and listed under PREA and Code of Federal Regulations. See 34 U.S.C. §§ 30302; 30309; see also 34 U.S.C. §30301 *et seq.;* 28 C.F.R. §115.5 *et seq.* Additionally, Plaintiff's claim concerning cruel and unusual incarceration conditions have invoked the Eighth Amendment under the United States Constitution. Thus, federal question jurisdiction exists under 28 U.S.C. §1331 and this Court has subject matter jurisdiction as this action arises under the laws of the United States.

**II.  THIS COURT HAS SUPPLEMENTAL JURISDICTION AND SHOULD EXERCISE SAME OVER PLAINTIFF'S STATE LAW CLAIMS AS THEY FORM THE SAME PART OF THE SAME CASE UNDER 28 U.S.C. §1367.**

In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. 28 U.S.C. §1367. "The Court will exercise its discretion to extend supplemental jurisdiction over the state law claim because it is so related to the federal claim that it forms part of the same case or controversy...and because judicial economy would not warrant two separate proceedings in state and federal court on these interrelated claims." Barows v. Chase Manhattan Mortg. Corp., 465 F. Supp. 2d 347, at 369, (D.N.J. 2006). "Unless the federal question claims removed by

the defendant were 'separate and independent' from the state law claims, §1441(c) cannot apply and the district court must retain the federal claim. Hence, the district court's discretion to remand under §1441(c) can pertain **only** to those state law claims which the district court could decline to hear under 28 U.S.C. §1367." Borough of W. Mifflin v. Lancaster, 45 F.3d 780, at 786–87, (3d Cir. 1995) (emphasis added). 28 U.S.C. §1367(c) contains no authority that allows district courts to decline hearing a claim over which is has original jurisdiction. Barows, 465 F. Supp. at 369 *citing* Borough of W. Mifflin, 45 F.3d at 787.

Similar to Plaintiffs in Borough of W. Mifflin, Plaintiff here relied on the same series of events for all counts of his Complaint, including his alleged violations against Defendants under the Eighth Amendment, PREA, the NJ LAD and the New Jersey Constitution. See Pl.'s Comp'l. generally; see also Borough of W. Mifflin, 45 F.3d at 787. Therefore, like Borough of W. Mifflin, Plaintiff's claims here are neither separate nor independent under 28 U.S.C. §1441(c) so as to support his argument to sever and remand the claims not within the original or supplemental jurisdiction of this Court. Borough of W. Mifflin, 45 F.3d at 787.

The district courts may decline to exercise supplemental jurisdiction over a claim if the claim substantially

predominates over the claim over which the district court has original jurisdiction. 28 U.S.C. §1367(c)(2).

> "[T]he doctrine of pendent jurisdiction — a doctrine that seeks to promote judicial economy, convenience, and fairness to litigants by litigating in one case all claims that arise out of the same nucleus of operative fact. When a district court exercises its discretion not to hear state claims under § 1367(c)(2), the advantages of a single suit are lost. For that reason, § 1367(c)(2)'s authority should be invoked **only** where there is an important countervailing interest to be served by relegating state claims to the state court. This will normally be the case only where "a state claim constitutes the real body of a case, to which the federal claim is only an appendage."

Borough of W. Mifflin, 45 F.3d at 787 *citing* United Mine Workers v. Gibbs, 383 U.S. 715, 725, at 727, (1966).

As set forth above, Plaintiff's federal PREA and Eighth Amendment claims substantially predominates over his supposed state law claims. Further, the effects of the alleged Eighth Amendment and PREA violations claimed by Plaintiff impact the United States as a country; not just the State of New Jersey. It is therefore practical and necessary for this Court to exercise supplemental jurisdiction and adjudicate this matter.

In addition to exercising its supplemental jurisdiction for the reasons set forth above, the doctrine of pendent (now known as "supplemental" as per Borough of W. Mifflin, 45 F.3d at 786 *citing* United Mine Workers v. Gibbs, 383 U.S. 715, at 725, (1966)) jurisdiction dictates for this Court to litigate in one case all claims that arise out of the same nucleus of operative

12

fact.  Here, all of Plaintiff's claims and allegations against Defendants stemmed from the moment he was processed as an inmate at Defendant Jail.   There is neither complex or novel issue of State law to resolve nor important countervailing interest to be served by remanding to state court.

As such, to ensure the utmost care in utilizing judicial resources in the midst of an already trying time and to maintain the advantages of a single suit, this Court should exercise supplemental jurisdiction and preside over this case.

### III. DEFENDANTS' REMOVAL WAS TIMELY AND APPROPRIATE UNDER 28 U.S.C. §1441.

Any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. §1441(a). "In other words, §1441 authorizes removal so long as the district court would have had subject-matter jurisdiction had the case been originally filed before it." Mercedes-Benz USA, LLC v. Nippon Yusen Kabushiki Kaisha, No. CV 18-13764 (SRC), 2018 WL 6522487, at *2 (D.N.J. Dec. 12, 2018) citing A.S. ex rel. Miller v. A.S. SmithKline Beecham Corp., 769 F.3d 204, at 208, (3d Cir. 2014) (internal quotations omitted).

If a civil action includes--

> > (A) a claim arising under the Constitution, laws, or treaties of the United States, and
> > (B) a claim not within the original or supplemental jurisdiction of the district court, the entire action may be removed if the action would be removable excluding of the claim described in subparagraph (B).

28 U.S.C. §1441(c)(1).

Upon removal under 28 U.S.C. §1441(c)(1), the District Court shall sever all claims described in paragraph (1)(B) and remand the severed claims to the State Court from which the action was removed. 28 U.S.C. §1441(c)(2).

Here, Plaintiff relied 28 U.S.C. §1441(c)(2) and argued for this Court's "remand of claims arising under State Law." See Pl.'s Motion to Remand. While relying on 28 U.S.C. §1441(c)(2) in an effort to oppose Defendants' removal, Plaintiff chose provisions that, while read in a vacuum, may support his position, but neglected the fact that this Court has supplemental jurisdiction over his state law claims as set forth under 28 U.S.C. §1441(c)(1)(B). 28 U.S.C. §1441(c)(1)(B) is part and parcel of 28 U.S.C. §1441(c)(2). In fact, 28 U.S.C. §1441(c)(2) would be incomplete without §1441(c)(1) when the former directly references the latter.

As such, not only was Defendants' removal under 28 U.S.C. §1441 timely and appropriate, but Plaintiff's reliance on 28 U.S.C. §1441(c)(2) in support of his Remand is misplaced and

erroneous. Therefore, this Court maintains jurisdiction and should preside over the present matter.

**IV.**  **BECAUSE DEFENDANTS SHOULD NOT HAVE TO GUESS AT WHAT THEY ARE DEFENDING, THIS COURT SHOULD REQUIRE PLAINTIFF TO EITHER FILE AN AMENDED COMPLAINT WITH A MORE DEFINITIVE STATEMENT OR, BE FOREVER BARRED IN ASSERTING ANY FEDERAL CLAIMS RELATED TO THIS CASE SHOULD A REMAND OCCUR.**

"Courts are to construe complaints so as to do substantial justice, Fed.R.Civ.P. 8(f), keeping in mind that pro se complaints in particular should be construed liberally." Alston v. Parker, 363 F.3d 229, at 234, (3d Cir. 2004) citing Dluhos v. Strasberg, 321 F.3d 365, at 369, (3d Cir.2003) (when a complaint has been filed pro se, Courts will liberally construe the pleadings therein and apply the applicable law, irrespective of whether the pro se has specifically cited to same) (internal quotations omitted). "A pro se complaint...must be held to less stringent standards than formal pleadings drafted by lawyers; ...but we nonetheless review the pleading to ensure that it has sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face." Fantone v. Latini, 780 F.3d 184, at 193, (3d Cir. 2015) (internal quotations omitted).

Although Plaintiff's Complaint is to be liberally construed and this Court will apply the applicable law whenever he did not do so, it is not an open door policy where it welcomes conclusory arguments, the basis of which are to be deduced by Defendants. The pro se Plaintiff's Complaint, "Motion to Remand"

and supporting Brief, while factually detailed, contain numerous allegations and/or conclusory declarations relying upon both state and federal Constitutions, statutes, and regulations. Sometimes a distinction is made, sometimes not. Therefore, it is respectfully requested that this Court order the Plaintiff to clarify his Complaint and file an Amended Complaint containing a more definitive statement pursuant to Fed. R. Civ. P. 12(e). Alternatively, should the Court remand the case at bar, it is respectfully requested that the Plaintiff be forever barred from bringing any federal cause of action relating to this case and stemming from his incarceration at the Defendant Jail.

<u>**CONCLUSION**</u>

The Court should maintain jurisdiction and preside over this case as it has the authority to do so for all the foregoing reasons pursuant to 28 <u>U.S.C.</u> §§ 1331, 1441, and 1367. In order to relieve Defendants from guessing as to what they must defend against, this Court should order Plaintiff to file an Amended Complaint containing a more definitive statement, or, alternatively, dismiss with prejudice any federal causes of action that were or could have been brought arising of the facts as alleged in the Complaint.

Respectfully submitted,

**CLEARY GIACOBBE ALFIERI JACOBS, LLC**
*Attorneys for Defendants, SOMERSET COUNTY JAIL, WARDEN PAUL KAMINSKI, LT. K. COVERT, SOMERSET COUNTY SHERIFF'S OFFICE, SHERIFF DARRIN RUSSO.*

By: <u>*/s/Anthony P. Seijas, Esq.*</u>
        ANTHONY P. SEIJAS, ESQ.

Dated: November 30, 2020

17