UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARINA VOLTZ,<br><br>Plaintiff,<br><br>v.<br><br>SOMERSET COUNTY JAIL, et al.,<br><br>Defendants. | Civil Action No. 20-13695 (FLW)<br><br>MEMORANDUM & ORDER |

This matter has been opened to the Court by Plaintiff Marina Voltz's[1] motion to remand this matter to the Superior Court of New Jersey, Law Division, Somerset County. ECF No. 8. For the reasons explained in this Memorandum and Order, the motion to remand is GRANTED.

This matter was removed from the Superior Court of New Jersey, Law Division, Somerset County, by counsel for Defendants Somerset County Jail, Warden Paul Kaminski, Lt. K. Covert, Somerset County Sheriff's Office, and Sheriff Darrin Russo (collectively referred to as "Defendants"). As the basis for removal to federal court, Defendants state the following:

> 4. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1331 and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441(a) in that Plaintiff's Complaint asserts claims arising under the Constitution, laws or treaties of the United States. Specifically, Plaintiff alleges violations of the Prison Rape

---

[1] The Court uses Plaintiff's chosen name and preferred pronoun, and is troubled by Defendants' use of male pronouns in their brief in opposition to the motion to remand. *See* ECF No. 13. The Court refers Defendants to The New Jersey Attorney General's Law Enforcement Directive 2019-03 (effective June 1, 2020), which provides the following guidance to state and local law enforcement, including prison officials: "Address individuals using their chosen names that reflect their gender identity—even if the name is not the one that is recognized on official legal records and even if that name changes over time—as well as their chosen pronouns[.]" *See* https://www.nj.gov/oag/dcj/agguide/directives/ag-directive-2019-3.pdf (last visited May 17, 2021).

1

> Elimination Act of 2003 ("PREA"), 42 U.S.C. § 30301 et seq., by
> allegedly being subject to sexual harassment in the Somerset
> County Jail.

*See* ECF No. 1, Notice of Removal (emphasis added).

On October 21, 2020, Defendants filed their Answer. ECF No. 7. On October 26, 2020, Plaintiff filed a motion to remand this matter to state court, asserting that the claims for relief in the Complaint arise under state, rather than federal, law. ECF No. 8. Defendants oppose the motion to remand. ECF No. 13.

Plaintiff is transgender, and her allegations arise from being classified as male at Somerset County Jail and being subjected to searches by male guards and harassment by male prisoners. In the "Jurisdiction" section of the Complaint, Plaintiff states that her claims arise under state law. *See* Complaint at ¶ 1. Indeed, the Complaint appears to assert violations of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1 to 49, and the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. § 10:6–1, et seq. In three paragraphs, the Complaint also refers to the jail's duty under the PREA to prevent sexual harassment of prisoners. *See id.* ¶¶ 39; 41-42. The Complaint also asserts the following:

> 45. The totality of the circumstances in preceding paragraphs amounts to violation of Article I, Paragraph 1 of the New Jersey State Constitution.
>
> 46. The totality of the circumstances may also amount to Cruel and Unusual incarceration conditions.

*Id.* ¶¶ 45-46.

As the basis for removal, the Notice of Removal references alleged violations of the PREA. In their opposition to Plaintiff's motion to remand, Defendants now assert that Plaintiff alleges violations of federal regulations, i.e., PREA, and "cruel and unusual punishment," presumably in violation of the Eighth Amendment. *See* ECF No. 13, Opposition at 5.

In an action removed to federal court under 28 U.S.C. § 1441, the removing party bears the burden of showing that federal subject matter jurisdiction exists. *Samuel–Bassett v. KIA Motors Am.*, Inc., 357 F.3d 392, 396 (3d Cir. 2004); *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). The removal statute is strictly construed against removal and all doubts are to be resolved in favor of remand. *Entrekin v. Fisher Scientific, Inc.*, 146 F.Supp.2d 594, 604 (D.N.J. 2001); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). Whenever subject-matter jurisdiction is absent, the district court must remand the case to the state court upon either motion or *sua sponte*. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The Court considers whether any of Plaintiff's claims arise under federal law. A district court has original jurisdiction over cases that "arise under" federal law. *See* 28 U.S.C. § 1331. For removal to be proper, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Boncek v. Pennsylvania R. Co.*, 105 F. Supp. 700, 705 (D.N.J. 1952) (quoting *Gully v. First National Bank*, 299 U.S. 109, 112, (1936)). In determining whether a case arises under federal law for the purpose of removal, courts follow the "'well-pleaded complaint' rule." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983). Under this doctrine, "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Id.* at 10; *Dieffenbach v. CIGNA*, Inc., 310 F. App'x. 504, 507, 2009 WL 27426, at *2 (3d Cir. 2009). Moreover, under the "well-pleaded complaint" rule, a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)

(explaining that where "'the law that creates the cause of action' is state law," there is no original federal jurisdiction "unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law"). [2] *Id.* at 13.

Here, Defendants have not established that Plaintiff's Complaint arises under federal law or that that the references to the PREA standards and a single reference to "Cruel and Unusual" incarceration conditions are sufficient to establish federal jurisdiction, particularly where Plaintiff's Complaint specifically alleges that the claims for relief arise under state law. *See, e.g., Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The well pleaded complaint rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.").

Moreover, there is no private cause of action under PREA, and thus the statute is not a valid basis for removal jurisdiction. *See e.g.*, 14C Fed. Prac. & Proc. Juris. § 3722.1 (Rev. 4th ed.) (explaining that "in removed cases in which a state cause of action turns on the meaning of a federal statutory standard, removal would not be proper if the federal statute did not provide a

---

[2] The standard for establishing embedded federal question jurisdiction was discussed at length in *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). There, the Supreme Court held that federal jurisdiction could exist over what would appear to be a state court claim raising a federal issue if the state law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. *Grable* was a quiet title action filed in state court that was removed to federal court. The Court found that the plaintiff premised its claim on a disputed federal issue that was an "essential element" of the action—namely, whether the IRS failed to give adequate notice pursuant to federal law. *Id.* at 314–15. The meaning of the federal law was the only factual or legal issue in dispute in the case and one in which the federal government had a "direct interest in the availability of a federal forum to vindicate its own administrative action ...." *Id.* at 315. Further, the Court found that no congressional approved balance of federal and state judicial responsibilities would be disturbed since it would be a rare case when a state law quiet title action raised a substantial and disputed federal issue. *See id.*

private claim for its violation" and collecting cases.) "While the PREA was intended in part to increase the accountability of prison officials and to protect the Eighth Amendment rights of Federal, State, and local prisoners, nothing in the language of the statute establishes a private right of action." *Walsh v. N.J. Dep't of Corr.*, No. 17-2442, 2017 WL 3835666, at *4 (D.N.J. Aug. 31, 2017) (quoting *Amaya v. Butler*, No. 16-1390, 2017 WL 2255607, at *5 (S.D. Ill. May 23, 2017)); *see also Krieg v. Steele*, 599 F. App'x 232, 232 (5th Cir. 2015); *Bowens v. Emps. Of the Dep't of Corr.*, No. 14-2689, 2016 WL 3269580, at *3 (E.D. Pa. June 15, 2016), *aff'd sub nom.*, *Bowens v. Wetzel*, 674 F. App'x 133, 136 (3d Cir. 2017); *Ibrahim v. Meo*, No. 20-1705, 2020 WL 6894662, at *2 (D.N.J. Nov. 23, 2020) (finding that the PREA provides no basis for a stand-alone federal claim and dismissing the PREA claim with prejudice). Thus, the PREA does not provide a basis for a standalone claim. *Bowens v. Wetzel*, 674 F. App'x at 137.

Finally, the fact that Plaintiff <u>could have</u> asserted federal civil rights claims under 42 U.S.C. §1983 does not prevent her from relying exclusively on state law.[3] *See Caterpillar, Inc.*, 482 U.S. at 392; *Vitellaro v. Mayor and Tp. Council of Tp. of Hanover*, 09-33 2009 WL 5204771, at *4 (D.N.J. Dec. 23, 2009) ("[Plaintiff] has pleaded alleged violations of her state, not federal, constitutional rights. That is her right as a plaintiff; she is the master of her complaint, and is entitled to pursue the remedies available to her under state law"); *Concepcion*

---

[3] The Court also notes that any Eighth Amendment claim asserting cruel and unusual punishment would be subject to *sua sponte* dismissal because Plaintiff is a pretrial detainee and not a convicted prisoner. *See Natale v. Camden County Correctional Facility*, 318 F.3d 575, 581 (3d Cir. 2003) ("While the Eighth Amendment prohibits the infliction of cruel and unusual punishment upon prisoners, it applies only "after [the State] has secured a formal adjudication of guilt in accordance with due process of law.") (citing *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983)). A pretrial detainee would plead her § 1983 claim based on conditions of confinement as one based on the Due Process Clause of the Fourteenth Amendment. *See id.*

5

*v. CFG Health Systems LLC*, No. 13-2081, 2013 WL 5952042, at *3 (D.N.J. Nov. 6, 2013) (finding that Plaintiff's inclusion of an NJCRA claim in the Amended Complaint does not warrant denial of Plaintiff's Second Motion to Remand for lack of federal jurisdiction).

For these reasons, the Court agrees with Plaintiff that her Complaint pleads claims that arise solely under state law, and thus there is no basis for federal jurisdiction pursuant to 28 U.S.C. §1331 or removal pursuant to 28 U.S.C. §1441(a). The Court will therefore grant Plaintiff's motion to remand the matter to state court pursuant to 28 U.S.C. § 1447(c).

**IT IS THEREFORE**, on this 18th day of May 2021,

**ORDERED** that Plaintiff's motion to remand is GRANTED; and it is further

**ORDERED** that the Clerk of the Court shall REMAND this matter to the Superior Court of New Jersey, Law Division, Somerset County pursuant to 28 U.S.C. § 1447(c); and it is further

**ORDERED** the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file and CLOSE this case accordingly.

*s/Freda L. Wolfson*
Freda L. Wolfson
U.S. Chief District Judge